FILED ___ ENTERED
___ LODGED ___ RECEIVED

NOV 12 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___ DEPUTY

# IN THE UNITED STATES OF AMERICA
## IN AND FOR THE DISTRICT OF MARYLAND

MELODY RUSSELL
*Plaintiff*

vs                                                            CIV: **JKB 15 CV 3451**

1st MARINER BANK et al
*Defendant*

MARINER BANK et al
*Defendant*

## COMPLAINT

1) PLAINTIFF RESPECTFULLY PETITIONS THIS HONORABLE COURT to seek relief from the Defendants under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x; Electronic Fund Transfer Act (EFTA) 15 U.S.C. §§ 1693 et seq.

2) Plaintiff also seeks a PERMANENT ORDER of injunctive relief, requiring the Defendant to permanently remove delinquent information from her consumer reports.

### Venue

3) This Court has proper jurisdiction over this matter.

### Parties

4) Plaintiff resided in the State of Maryland at all times relevant to this Cause of Action.

5) Defendant is a financial institution that is headquartered in the State of Maryland.

### Summary
### Electronic Fund Transfer Act (EFTA) 15 U.S.C. §§ 1693 et seq

6) Within the last twelve months, Defendant violated the rights of the Plaintiff under the EFTA.

Case 1:15-cv-03451-JKB   Document 1   Filed 11/12/15   Page 2 of 4

7) Plaintiff held a deposit account with the Defendant on and around the beginning of 2014. The deposit account was a checking account, as defined by 1693a.

8) Plaintiff used this account to maintain her expenses for graduate school. In recent years, the Higher Education Act permitted Educational Institutions the right to deposit excess funds from financial aid into a student's bank account.

9) Thus, Plaintiff opened an account with the Defendant, to help with her educational expenses.

10) Plaintiff generally maintained a low balance in her account, as the only EFT funds deposited into the account were from her educational institutional once per semester. As a result, Plaintiff never authorized any large ACH withdrawals.

11) On/around December 2014, Plaintiff noticed that one of her creditors attempted to make a large ACH withdrawal of $300, approximately three to four times, from the account Plaintiff had with the Defendant, without the Plaintiff's expressed consent.

12) Plaintiff immediately contacted the Defendant to dispute the charges. She pointed to the fact that she maintained law balances, and she would never have authorized this creditor to make a $300 withdrawal from her account, on that many occasions.

13) Plaintiff never had any overdraft activity prior to this occasion. She never made any large withdrawals from this account at any time. She also never had a history of disputing charges with the debit card that accompanied the debit card. Therefore, they had NO REASON WHATSOEVER to not believe the Plaintiff, as she maintained a good standing with the Defendant prior to the incident.

14) The Plaintiff also disputed directly with the creditor. The creditor acknowledged the fact that they knew the Plaintiff didn't authorize them to make multiple withdrawal from her checking account.

15) The Defendant failed to respond to the Plaintiff's dispute, violating 1693f.

16) The Defendant failed to provide the Plaintiff with a provisional credit, violating 1693f(c).

17) Plaintiff, in an effort to resolve this matter without the assistance of the Court, complained about the Defendant to the Better Business Bureau (BBB) and the Consumer Financial Protection Bureau (CFPU).

18) Defendant's response to both agencies violated 1693f(e)(2). Plaintiff had no history of account abuse, nor has she ever had a history of making payments of

that amount to that Defendant. Therefore, they had no right to conclude that this was anything other than the creditor's mistake.

19) The Defendant continued to violate the rights of the Plaintiff by assessing her three to four overdraft charges, each just short of $40, in spite of the fact that (1) Plaintiff clearly disputed the charges, and (2) the account activity was NEVER consistent with Plaintiff's prior relationship with the Defendant.

20) Since the Plaintiff didn't authorize those withdrawals, she should have not been assessed any overdraft charges.

21) Plaintiff, again, disputed with the Defendant over the phone   After she was misled by a teller over the phone, Plaintiff made money order deposit of $50 to the deposit account using her mobile device.

22) When Plaintiff tried to access the money, she learned that the Defendant lied to her, and used her deposit to over the fees that they wrongfully assessed to her deposit account.

23) Plaintiff contacted the Defendant in writing, to dispute the charges again, and to request her money. The Defendant failed to respond. Instead, they charged her account off and reported the overdraft charges to Chexsystems on/around February 2015, violating 1693f(f).

24) Defendant violated EFTA.

### Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x

25) Within the last twelve months, Defendant engaged in actions that violated the rights f the Plaintiff under the FCRA.

26) On/around October 2014, the Defendant knowingly assessed overdraft charges to the Plaintiff for automated withdrawals that she didn't authorize.

27) Plaintiff didn't authorize these automated withdrawals, as previously mentioned. Therefore, the Defendant had no right to charge the Plaintiff for withdrawals that she didn't make.

28) Plaintiff didn't authorize the withdrawals. Therefore, the account was not truthfully overdrawn by the Plaintiff.

29) In spite of these facts, the Defendant closed the account, and reported these charges to Plaintiff's consumer reports (Chexsystems), violating 1681s–2.

30) The Defendant has failed to respond the Plaintiff's dispute.

31) Defendant violated the FCRA.

## Prayer of Relief

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff actual and statutory damages pursuant to the EFTA.
2. Award Plaintiff actual and statutory damages pursuant to the FCRA.
3. Grant Plaintiff's Motion for Injunctive Relief.
4. Award such other and further relief as this Court may see fit.

RESPECTFULLY,

_____
PLAINTIFF